UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Christopher Snider,<br>Plaintiff,<br><br>v.<br><br>Mercedes-Benz Vans, LLC,<br>Defendant. | CASE NO.: ________________________<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, and pursuant to Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. §630.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of age and disability discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notice of the Right to Sue was received from EEOC on or about July 27, 2026.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant is a governmental entity in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5. The Plaintiff, Christopher Snider, is a citizen and resident of Dorchester County, South Carolina.

6. The Defendant, Mercedes-Benz Vans, LLC, is upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and ADA.

9. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

10. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Sec. 101(5) (a) of the ADA U.S.C. §12111 (5) (A).

12. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

13. On or about August 24, 2023, Plaintiff began working for the Defendant as a Senior Production Engineer, and most recently as a Senior Production Manager. Plaintiff was efficient and effective in his work, receiving positive employee evaluations.

14. The Plaintiff was fifty-six (56) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

15. On or about August 25, 2025, the Plaintiff was subjected to harassment and discrimination by derogatory comments made by his Supervisor, Hasan Arabaci. Plaintiff asked Mr. Arabaci if he could take a work exam for a promotion and raise. Mr. Arabaci told Plaintiff that he was too old, OCD, and at most had 9 years left in him, and denied Plaintiff the exam that would enable a promotion and raise.

16. Plaintiff told both Glauco Gruppi and Wes Kraven that he had attention deficit hyperactivity disorder (ADHD) and he was taking medications for it. After Plaintiff told Mr. Gruppi and Mr. Kraven this information, he was given a drug test and suspended.

17. Despite Plaintiff reporting the discriminating behavior, Defendant did not take appropriate action to resolve the discrimination.

18. The Plaintiff reported the discrimination and inappropriate behavior to his supervisor. The Defendant continued to harass and retaliate against the Plaintiff due to his age and disability.

19. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

20. On or about January 26, 2026, Plaintiff's daughter was in a severe automobile wreck and was admitted for inpatient care at Cleveland Clinic.

21. The next day, Plaintiff learned at his daughter's hospitalization and Plaintiff informed his supervisor that he needed to care for his daughter at that time and notified his supervisor of his need to use FMLA leave.

22. On or about January 27, 2026, Plaintiff went to care for his daughter and returned to work on February 2, 2026.

23. During that time, Plaintiff was instructed to take his computer and continue to work despite Plaintiff's request to take FMLA leave.

24. Plaintiff was then terminated on or about February 11, 2026, due to his reports of age and disability discrimination and his request for FMLA leave. Said reasons being pretextual in nature.

25. Following Plaintiff's termination, the Plaintiff became aware that the Defendant hired two engineers that were both younger employees (under 40), did not have a disability, and with less experience.

26. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to his termination.

27. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff has been an individual with a "disability" within the meaning of Sec. 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

28. Plaintiff is a "qualified individual with a disability" as that term is defined in Sec. 101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of Defendant's employment.

29. Plaintiff asserts that the reasons given for his termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on his disability and age.

30. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

31. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

32. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

33. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

34. Plaintiff informed Defendant of his disability. Defendant terminated Plaintiff's position and caused him to lose pay and benefits, including but not limited to health benefits, in retaliation for his medical disability.

35. Defendant, its agents and employees, without just cause refused to employ Plaintiff forcing him to lose pay and all of his benefits in violation of the Americans with Disabilities Act, ADEA, and FMLA.

36. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

37. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

38. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
**Violation of Americans with Disabilities Act**

39. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

40. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

41. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

42. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

43. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

44. Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

45. Based on Plaintiff's disability and request for accommodation, Defendant retaliated against Plaintiff in his employment, in violation of the Act.

46. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Age Discrimination in Employment Act**

47. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

48. Plaintiff is a member of a protected group on the basis of his age. Plaintiff was an employee for a position that he was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against and terminated from his position due to his age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

49. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a. In failing to promote or continue to employ Plaintiff due to his age;

b. In retaliating against Plaintiff and showing disparate treatment against Plaintiff for making reports of age discrimination and inappropriate behaviors;

c. In discharging Plaintiff due to his age and in retaliation for making reports of discrimination and inappropriate behaviors.

50. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

51. Employees outside of the Plaintiff's protected class were treated more favorably by the Defendant.

52. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, and reporting of discrimination he would not have been terminated.

53. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, back pay, front pay, lost benefits, attorney fees and costs, and other past and future losses

## FOR A THIRD CAUSE OF ACTION
**Violation of the ADA – Retaliation**

54. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

55. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

56. Plaintiff's requested accommodation was made in good faith and constituted protected activity under the ADA.

57. Shortly after requesting said accommodation, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

58. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

59. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

60. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## FOR A FOURTH CAUSE OF ACTION
**Violation of Age Discrimination in Employment Act - Retaliation**

61. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

62. As alleged above, Plaintiff complained to the Defendant on several occasions about age discrimination.

63. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

64. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

65. The Defendant's stated reason for retaliation and wrongful discharge was mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

66. The Plaintiff's reports of age discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of age discrimination, he would not have been terminated.

67. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

68. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

69. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

70. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

71. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

72. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have his lost wage amount doubled against the Defendant.

**FOR A FIFTH CAUSE OF ACTION**
**Violation of the Family and Medical Leave Act – Interference**

73. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

74. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

75. Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of his rights under said statute(s).

76. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with his attempt to secure and utilize such leave.

77. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

78. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

**RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
October 13, 2026